COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                    BRISTOL SUPERIOR COURT
                                                DOCKET NO.: BRCV 2005-00331-B

| | |
|---|---|
| ALAN DREYFUS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES ROMANO, TOWN OF | ) |
| BERKLEY and BOARD OF HEALTH, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C., §1441(a)**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

Petitioners, James Romano, Town of Berkley, and Board of Health, respectfully petition this Court for removal of the above-entitled action to the United States District Court for the District of Massachusetts, Civil Section, from the Superior Court of the Commonwealth of Massachusetts in and for Bristol County, and for its Notice of Removal state as follows:

1.  The Town of Berkley is the named defendant by the plaintiff, Alan Dreyfus, in a civil action filed in the Superior Court of the Commonwealth of Massachusetts in and for Bristol County, entitled <u>Alan Dreyfus v. James Romano, Town of Berkley, and Board of Health</u>, Civil Action No. BRCV2005-00331-B. On April 11, 2005, the defendants were served with a Summons and a copy of plaintiff's original Complaint. <u>See</u> Summons attached hereto as Exhibit "A." The defendants have not yet answered the original Complaint, nor has an appearance been filed on Defendants' behalf.

2. This is a suit of a wholly civil nature brought in a Massachusetts state court. The action is pending in Bristol County, Massachusetts, and accordingly, under 28 U.S.C. §§101 & 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

3. This is an action in which the plaintiff alleges, among other things, that the defendants violated plaintiff's rights under the United States Constitution and federal statutes.

4. Because this case involves federal constitutional issues and claims for relief under federal law, the District Court has original jurisdiction pursuant to 28 U.S.C. §1331.

5. The defendant is filing this Notice within thirty (30) days of service of the Summons and original Complaint upon the defendants, within thirty (30) days of the date this case became removable, and within the time for filing this Petition. See 28 U.S.C., §1446.

6. The defendants will file a Notice of Filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, County of Bristol.

7. Pursuant to Local Rule 81.1(a), the Petition shall request of the Clerk of the Superior Court of Massachusetts, County of Bristol, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

WHEREFORE, Petitioners pray that the above action now pending in the Superior Court of the Commonwealth of Massachusetts in and for Bristol County be removed from the Court to this United States District Court.

        Respectfully submitted,

        The Defendants,
        By their attorneys,

        Jeffrey M. Sankey, BBO # 551062
        Pierce, Davis & Perritano, LLP
        Ten Winthrop Square
        Boston, MA 02110
        (617) 350-0950

DATED:   April 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that this 28th day of April, 2005, a true and accurate copy of the Notice of Removal Pursuant to 28 U.S.C., §144(a) was served, via first-class, postage prepaid mail, on the following:

John P. Long, Esq.
P.O. Box 4177
722 Eastern Avenue
Fall River, MA 02723

Brian Corey, Jr., Esq.
1041 Main Road
Westport, MA 02790

*Jeffrey M. Sankey*
Jeffrey M. Sankey

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss                                      BRISTOL COUNTY SUPERIOR COURT
                                                 DOCKET NO. B05-331



BRISTOL, SS SUPERIOR COURT
FILED
MAR 3 1 2005
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

05-10876

Alan Dreyfus,                    )
    Plaintiff                    )
                                 )
v.                               )    COMPLAINT
                                 )
James Romano, Town of Berkley, and )
Board of Health,                 )
    Defendants                   )

1.   The Plaintiff, Alan Dreyfus, is an individual who owns real property located at 46 R North Main Street in the Town of Berkley, Massachusetts.

2.   The Defendant, James Romano, is an individual who is a resident of the Town of Berkley, Massachusetts.

3.   The Defendant, Town of Berkley, Massachusetts, is a municipality in the Commonwealth of Massachusetts.

4.   The Defendant, Berkley Board of Health, is an agency/board in the Town of Berkley charged with the responsibility of administering the Health Regulations promulgated by the Commonwealth of Massachusetts relating to the disposal of sewage waste incidental to the occupancy of residential property.

5.   The Plaintiff purchased a parcel of land in the Town of Berkley, Massachusetts.

6.   The parcel of land was in an area in the Town of Berkley, Massachusetts that allowed for the construction of a single family residence without a zoning variance in accordance with the applicable local zoning by-laws.

A True Copy By Photostatic Process
Attest:

                                    Asst. Clerk of Courts

7.    As of 20 February 2005 there exist on the site of the above referenced parcel a substantially structurally complete single family home connected to a private drinking water well and a private sub-surface sewage waste water disposal septic system.

8.    The construction of the above referenced structure is intended to be the Plaintiff's home.

9.    Within the past 2 years all of the necessary permits to allow the Plaintiff to construct the home on the parcel of land referenced above and hereinafter have, as of 20 February 2005, been issued to the Plaintiff.

10.    The Plaintiff contracted with and had professionals experienced in their field all with the proper licenses, certificates and/or authorizations 1. Review, 2. Prepare, and 3. Examine the site, the proposed plans and then file all of the required completed applications, forms, plans, and/or information required to obtain each and every authorization and/or permit required in order to construct said single family home.

11.    Based upon the advice of the above referenced professionals and the collective experience in construction in Massachusetts and in particular rural areas, the Plaintiff paid for and arranged for the components of a log home to be delivered to the site.

12.    Based upon the advice of the professionals and the collective experience the Plaintiff contracted with experienced contractors to dig the well, to install the subsurface sewage disposal system and assemble and construct the home at an agreed upon price expecting the project to be complete within 1 year.

13.    In order to obtain a building permit in the Town of Berkley a permit allowing the construction of a well and sewage septic system is a condition precedent.

14.    The above referenced permits for the well and the subsurface sewage system are obtained from the local Board of Health in accordance with local rules and customs and the regulations promulgated by the Commonwealth of Massachusetts.

15.    The Defendant, Romano, at all time incident to the allegations set forth herein and pertaining in any manner, form or way to the procedures, process, actions and/or inactions applicable to the issuance of any permits/licenses by the Defendant Board of Health and the Defendant Town of Berkley was a duly authorized member and/or Chairman of said referenced Board of Health.

16.    The statues, regulations and any local bylaws pertaining to the construction and permitting of a well and a septic system in the Defendant, Town of Berkley are clear, concise and unambiguous.

17.    The forms and plans required and the procedures utilized by the Defendant Town of Berkley as to each and every single family home ever constructed in said referenced municipality is clear, concise and unambiguous.

18.   State and Federal Government is charged by statute and regulations with the exclusive authority to officially designate and officially identify land in the Commonwealth as being contaminated by oil, hazardous waste and/or chemical agents.

19.   State and Federal Statutes and Regulations set forth the standards to be used and the procedures to be followed to properly identify sites that are contaminated.

20.   State and Federal Statutes and Regulations set forth the quantity of hazardous material allowable in the environment.

21.   At all times incident to the allegations set forth herein the Defendant, Town of Berkley had no local bylaw that in any way referenced hazardous material and/or land contaminated by chemical and/or oil within the boundaries of the municipality.

22.   The Defendant Romano at times incident to allegations set forth herein did personally arrange for the statutory notice of meeting for the Board of Health required by statute to be posted.

23.   The Defendant Romano at times incident to the allegations set forth herein did act as Chairman of the Defendant Board of Health.

24.   The Defendant Romano at times incident to the allegations set forth herein did determine who and what subject matters would be discussed at the meetings of the Defendant Board of Health independent of any vote of said Board.

25.   The Defendant Board of Health did allow the Defendant Romano to not allow formal motions and/or discussion of certain matters without any public discussion in a duly recorded public meeting.

26.   The actions and/or inactions of the Defendant Romano and/or the Defendant Board of Health as set forth herein were regularly discussed across town, privately and publicly and prominently and regularly in the Newspapers published and utilized locally by those individuals residing and working in the municipality.

27.   The Defendant, Town of Berkley, had knowledge and were aware and/or should have had knowledge and should have been aware of the actions and/or inaction of the Defendants, Romano and the Board of Health relating to this Plaintiff and/or the allegation set forth herein.

28.   Plaintiff's Agents filed plans for a sewage disposal system for the parcel.

29.   Said Plans conformed with all state requirements pursuant to Title V.

30.   Plaintiff through his Agents applied for a well permit and the Town of Berkley would not entertain or notice applications per order of Chairman Romano.

31. Said order was made by Chairman Romano without formal notice of Public Hearing or vote of the Board.

32. The Board of Health of the Town of Berkley does not have/ did not have rules and regulations duly adopted at the time of these actions by Romano that would allow him to take action in the manner referenced herein.

33. The Board of Health has not adopted rules and regulations that would allow them to require an applicant to do a 21E environmental Hazard evaluation of the property.

34. No town bylaw exists empowering any town agency to require such examination and certification.

35. As a condition precedent to and prior to any formal consideration by the Board of Health of the Plaintiff's request and application for various required permits to site a well and a septic system the Plaintiff was requested and required to certify the above referenced 8+ acre site upon which he has substantially constructed a single family home was free of any contamination.

36. The above referenced site has never been formerly identified by any federal and/or state government as being contaminated.

37. Prior to and as a condition precedent to the purchase of the site herein referenced the Plaintiff and other professionals researched all records required to determine the suitability of the site for a home and to discover any evidence of contamination that may have been present on site.

38. No one identified herein as Plaintiff and/or Defendant has ever been able to find any records of contamination on the site of the Plaintiff's home.

39. For over approximately 1 year the Defendant Romano did refuse to allow the Plaintiff to even discuss the required permits with the Board of Health.

40. For over approximately 1 year the Defendant Romano did refuse to consider the applications of the Plaintiff for the required permits.

41. For over approximately 1 year the Defendant Board of Health did not discuss the merits of the Plaintiff's applications for the required permits.

42. For over approximately 1 year the Defendant Town of Berkley allowed the Plaintiff's application for the permits needed from the Board of Health to never be considered on the merits.

43. The Defendant Romano did cause the Plaintiff to be aware that he personally and individually would not allow any action with regards to the well and/or septic system issues until he personally was satisfied that the site referenced herein was not contaminated by oil and/or chemicals.

44. The Defendant Board of Health did not take any action as to the Plaintiff's request and application for the required permits until approximately 1 year had passed and the Board of Health was satisfied that the referenced site was not contaminated.

45. As of 20 February 2005, none of the Defendants have ever set forth quantifiable and/or qualifyable standards for contamination by oils and/or chemicals of land within the boundaries of the municipality and/or set forth acceptable procedures to determine same.

46. As the result of delay, the Plaintiff's components that were delivered to the site were badly damaged in spite of the Plaintiff's efforts to protect same causing a diminution in value.

47. As the result of the delay contracts which the Plaintiff anticipated to result in a cost effective construction of his home needed to be renegotiated at higher costs.

48. As a result of the delay the Plaintiff expended much more money for housing rather than live in his new home.

49. As a result of the delay the Plaintiff has incurred banking and finance expense that far exceeded the original and/or anticipated budget.

50. As the direct result of the Defendants unlawful, unwarranted, uncaring and intentional actions and/or inactions the Plaintiff has been caused to lose and/or spend large sums of money.

51. The actions and/or inaction of the Defendants consciously or unconsciously, intending or not intending, purported to operate and subject the Plaintiff to statutes, regulations and bylaws that did not and do not exist.

52. The Plaintiff has secured the services advice and representation of attorneys and has incurred the expense related.

53. The Plaintiff causes the statutory required notice to be delivered by US Mail at no cost to the Defendants on 1 July 2004.

54. Over 6 months ago a letter/demand was mailed to 1. The Board of Selectman, 2. Town Clerk, 3. Town Counsel, 4. Finance Committee, and 5. Board of Health that set for the issues addressed herein in detail, clearly setting forth damages in excess of $100,000.00, the nature of the claim and a willingness to discuss settlement prior to litigation.

55. The Defendants have not issued a written response to said demand and/or contacted the Plaintiff.

56. The Plaintiff's rights pursuant to both Federal and State constitutions and statutes have been violated.

57. Wherefore the Plaintiff respectfully request judgment the award of monetary damages to include attorney's fees, cost and interest.

Attorneys for the Plaintiff

_____
Attorney John P. Long
722 Eastern Avenue
Fall River, MA 02723
(508) 674-4444
BBO# 304210

31 Mar 05

_____
Attorney Brain Corey Jr.
1041 Main Road
Westport, MA 02790
(508) 636-8861
BBO# 632973

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) B05-331 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) Alan Dreyfuss | DEFENDANT(S) James Romano, Town of Berkley, and Board of Health |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 674-4444 Attorney John P. Long 722 Eastern Ave. Fall River, MA 02723 Board of Bar Overseers number: | ATTORNEY (if known) |

BRISTOL, SS SUPERIOR COURT
FILED
304210
MAR 31 2005
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

Origin code and track designation

Place an x in one box only:
[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99/ E03 | Tort | F/A) | ( ) Yes  (x) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses .................................................. $.........
 2. Total Doctor expenses ................................................... $.........
 3. Total chiropractic expenses ............................................. $.........
 4. Total physical therapy expenses ......................................... $.........
 5. Total other expenses (describe) ......................................... $.........
                                                                  Subtotal $.........
B. Documented lost wages and compensation to date ........................... $.........
C. Documented property damages to date ...................................... $.........
D. Reasonably anticipated future medical and hospital expenses .............. $.........
E. Reasonably anticipated lost wages ........................................ $.........
F. Other documented items of damages (describe)
                                                                           $.........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
 The Plaintiff has as the direct result of the allegations set forth been required to pay over $100,000.00+ to complete the home building project described in the complaint.    $.........
                                                                  TOTAL $100,000.00+

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                                  TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 31 May 05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

#2

Form #42

COMMONWEALTH OF MASSACHUSETTS   05-10876

BRISTOL, ss.

[SEAL]

BRISTOL, SS SUPERIOR COURT
FILED
MAY 3 2005
Alan Marc F. Santos, Esq.
CLERK/MAGISTRATE

SUPERIOR COURT DEPT. OF THE TRIAL COURT
CIVIL ACTION
No. BRCV2005-00331-B

Alan ~~Marc F.~~ Santos, Esq. _____, Plaintiff(s)

v.

James Romano, Town of Berkley, Board of Health, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED : X
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon ................................
Attorney John P. Long ..............................................................................
plaintiff's attorney, whose address is 722 Eastern Ave., Fall River, MA ..............;
an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ..Taunton.............. either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the......5th.............................day of......April..........................., in the year of our Lord two thousand and ....five..........................

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

A True Copy By Photostatic Process
Attest:
_____
NOTES.   Asst. Clerk of Courts

_____
Magistrate

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

**Bristol County Deputy Sheriffs' Office • P.O. Box 8928 • New Bedford, MA 02742-0928 • (508) 992-6631**

Bristol, ss.

April 13, 2005

I hereby certify and return that on 4/13/2005 at 12:39 pm I served a true and attested copy of the Summons and Complaint, Civil Cover Sheet in this action in the following manner: To wit, by delivering in hand to Carolyn Awadi, agent person in charge at the time of service for Board of Health, 1 North Main Street, Berkley, MA 02779. Fees: ($2.00), Basic Service Fee ($30.00), Postage and Handling ($2.75), Attest Fee ($5.00) Total Charges $39.75

_____
Deputy Sheriff

Deputy Sheriff Burton W Keefe III

Dated: ........................, 20....   ........................

N.B.  TO PROCESS SERVER:—
    PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  , 20 . |
|---|

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No. BRCV2005-00331-B

BRISTOL, ss.

Alan Dreyfus............., Plaintiff(s)

v.

James Romano, Town of Berkley, Board of Health, Defendant(s)

**SUMMONS**
(Mass. R. CIV. P. 4)

**Bristol County Deputy Sheriffs' Office • P.O. Box 8928 • New Bedford, MA 02742-0928 • (508) 992-6631**

*Bristol, ss.*

April 13, 2005

I hereby certify and return that on 4/11/2005 at 12:54 pm I served a true and attested copy of the Summons and Complaint, Civil Cover Sheet in this action in the following manner: To wit, by delivering in hand to Carolyn Awatt, agent, person in charge at the time of service for James Romano, 1 North Main Street, Berkley, MA 02779. Fees: ($5.00), Basic Service Fee ($30.25), Travel ($3.20), Postage and Handling ($1.75), Attest/Copies ($5.00) Total Charges $45.20

_____
Deputy Sheriff

Deputy Sheriff Patrick Kennedy III

Dated: _____, 20___.    _____

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|                    , 20 . |
|---|

COMMONWEALTH OF MASSACHUSETTS
BRISTOL, ss.
SUPERIOR COURT DEPT. OF THE TRIAL COURT
CIVIL ACTION
No. BRCV2005-00331-B

Alan Dreyfus................., Plaintiff(s)

v.

James Romano, Town of Berkley, Board of Health........., Defendant(s)

SUMMONS
(Mass. R. CIV. P. 4)

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.  SUPERIOR COURT DEPT. OF THE TRIAL COURT

[SEAL]

CIVIL ACTION
No BRCV2005-00331-B

05-10876



Alan MARC J. SANTOS, ESQ. CLERK/MAGISTRATE, Plaintiff(s)  WGY

James Romano, Town of Berkley, Board of Health, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED X—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon ........................................
......Attorney John P. Long.................................................................................
plaintiff's attorney, whose address is 722 Eastern Ave., Fall River, MA..............;
an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ..Taunton................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the........5th..................day of..........April..................., in the year of our Lord two thousand and ..five..................

_____   _____, Esq.
                              Magistrate

**NOTICE TO DEFENDANT** — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**NOTES.**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

#3

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.    BRISTOL, SS SUPERIOR COURT DEPT. OF THE TRIAL COURT
               FILED
[SEAL]                                    CIVIL ACTION
              MAY 3 2005                  No. BRCV2005-00331-B

              ~~Alan Dreyfus~~            05-10876
              MARC J. SANTOS, ESQ.
              CLERK/MAGISTRATE            , Plaintiff(s)

James Romano, Town of Berkley, Board of Health, Defendant(s)

<div style="float:left; writing-mode:vertical-rl">NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.</div>

(TO PLAINTIFF'S ATTORNEY :
  PLEASE INDICATE TYPE OF ACTION INVOLVED : —X—
  TORT — MOTOR VEHICLE TORT — CONTRACT —
  EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon ........................................
................Attorney John P. Long..................................................................
plaintiff's attorney, whose address is 722 Eastern Ave., Fall River, MA ................;
an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ...Taunton................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the....5th.........................day of........April.................., in the year of our Lord two thousand and .......five.............

A True Copy By Photostatic Process
Attest:

*[signature]*
NOTES.   Asst. Clerk of Courts

*[signature]* Marc J. Santos, Esq.
                Magistrate

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

**Bristol County Deputy Sheriffs' Office • P.O. Box 8928 • New Bedford, MA 02742-0928 • (508) 992-6631**

Bristol, ss.

April 13, 2005

I hereby certify and return that on 4-13-2005 at 12:35 pm, I served a true and attested copy of the Summons and Complaint & A Cover Sheet in this action in the following manner: To wit, by delivering in hand to Carolyn Avant, agent/ person in charge at the time of service for Town of Berkley, 1 North Main Street, Berkley, MA 02779. Copies ($2.00), Basic Service Fee ($30.00), Postage and Handling ($2.75), Attest Fee ($5.00) Total Charges $39.75

Deputy Sheriff Bruce W. Assad, III

_____ Deputy Sheriff

Dated: _____, 20 __.

N.B.  TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| , 20 . |
|---|

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No. BRCV2005-00331-B

BRISTOL, ss.

Alan Dreyfus ..........., Plaintiff(s)

v.

James Romano, Town of Berkley, Board of Health ..........., Defendant(s)

SUMMONS
(Mass. R. CIV. P. 4)