UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALAN DREYFUS,
    Plaintiff,

v.

JAMES ROMANO, TOWN OF
BERKLEY and BOARD OF HEALTH,
    Defendants.

DOCKET NO.: 05 10876 WGY

## ANSWER TO COMPLAINT BY ALL DEFENDANTS AND DEMAND FOR JURY TRIAL

### First Defense

The plaintiff's Complaint fails to state a claim for which relief may be granted.

### Second Defense

The defendants hereby answer the plaintiff's Complaint, paragraph by paragraph, as follows:

1. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, neither admit nor deny the same.

2. The defendants admit the allegations set forth in this paragraph.

3. The defendants admit the allegations set forth in this paragraph.

4. The defendants admit the allegations set forth in this paragraph.

5. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, neither admit nor deny the same.

6. The defendants admit the allegations set forth in this paragraph.

7. The defendants admit the allegations set forth in this paragraph.

8. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, neither admit nor deny the same.

9. The defendants admit that all of the necessary permits have been issued by the Board of Health. The defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, neither admit nor deny the same.

10. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, neither admit nor deny the same.

11. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, neither admit nor deny the same.

12. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, neither admit nor deny the same.

13. The defendants admit the allegations set forth in this paragraph.

14. The defendants admit the allegations set forth in this paragraph.

15. The defendants admit that Defendant, Romano, was, at all times incident to the allegations set forth in the complaint, a duly authorized member and/or chairman of the Berkley Board of Health. The defendants state that the remaining allegations set forth in this paragraph are so vague and unintelligible that the defendants cannot fairly respond and, therefore, the defendants deny the remaining allegations of this paragraph.

16. The defendants state that the terms of the statutes, regulations and bylaws speak for themselves, and that no answer is required to this paragraph.

17. The defendants state that the forms, plans and procedures speak for themselves, and that no answer is required to this paragraph.

18. The allegations set forth in this paragraph state a conclusion of law to which no answer is required.

19. The allegations set forth in this paragraph state a conclusion of law to which no answer is required.

20. The allegations set forth in this paragraph state a conclusion of law to which no answer is required.

21. The defendants admit the allegations set forth in this paragraph.

22. The defendants admit that Defendant, Romano, in his capacity as Chairman of the Board of Health, at various times arranged for the statutory notice and posting of meetings of the Board of Health as required by statute. The defendants deny the remaining allegations of this paragraph.

23. The defendants admit the allegations set forth in this paragraph.

24. The defendants deny the allegations set forth in this paragraph.

25. The defendants deny the allegations set forth in this paragraph.

26. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, neither admit nor deny the same.

27. The defendants deny the allegations set forth in this paragraph.

28. The defendants admit the allegations set forth in this paragraph.

29. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, neither admit nor deny the same.

30. The defendants admit that the plaintiff applied for a well permit and deny the remaining allegations set forth in this paragraph.

31. The defendants deny the allegations set forth in this paragraph.

32. The defendants deny the allegations set forth in this paragraph.

33. The defendants deny the allegations set forth in this paragraph on the basis that the Board of Health's authority to require a 21E environmental hazard evaluation is derived from state law.

34. The defendants deny the allegations set forth in this paragraph on the basis that the Board of Health's authority to require a 21E environmental hazard evaluation is derived from state law.

35. The defendants admit that, prior to approving the plaintiff's application for permits, the Board of Health requested that the plaintiff take certain measures to certify that the property was free of contamination. The defendants deny the remaining allegations set forth in this paragraph.

36. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, neither admit nor deny the same. The defendants state that an adjacent parcel of land was identified as contaminated and the defendants believe that, at one time, there may have been common ownership of the parcels.

37. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, neither admit nor deny the same.

38. The defendants admit the allegations set forth in this paragraph.

39. The defendants deny the allegations set forth in this paragraph.

40. The defendants deny the allegations set forth in this paragraph.

41. The defendants deny the allegations set forth in this paragraph.

42. The defendants deny the allegations set forth in this paragraph.

43. The defendants deny the allegations set forth in this paragraph.

44. The defendants admit that it did not approve the plaintiff's application until the Board of Health was satisfied that the site was not contaminated, and deny the remaining allegations of this paragraph.

45. The defendants deny the allegations set forth in this paragraph on the basis that such standards and procedures are promulgated by state and federal law.

46. The defendants deny the allegations set forth in this paragraph.

47. The defendants deny the allegations set forth in this paragraph.

48. The defendants deny the allegations set forth in this paragraph.

49. The defendants deny the allegations set forth in this paragraph.

50. The defendants deny the allegations set forth in this paragraph.

51. The defendants deny the allegations set forth in this paragraph.

52. The defendants deny the allegations set forth in this paragraph.

53. The defendants admit that a letter was sent on or about July 1, 2004, but deny that the letter satisfied the requirements of statutory notice.

54. The defendants admit that a letter was sent by the plaintiff, the terms of which speak for themselves.

55. The defendants admit the allegations set forth in this paragraph but deny that they had any obligation to respond.

56. The defendants deny the allegations set forth in this paragraph.

57. The defendants deny the allegations set forth in this paragraph.

### Third Defense

The individual defendant is entitled to qualified immunity.

### Fourth Defense

The defendants state that they were justified in their acts or conduct and, therefore, the plaintiff cannot recover.

### Fifth Defense

The defendants state that their actions and conduct were performed according to, and are protected by, law and/or legal process, and that, therefore, the plaintiff cannot recover.

### Sixth Defense

The defendants state that they are immune from liability under Section 10 of the Massachusetts Tort Claims Act.

### Seventh Defense

The defendants state that they are immune from liability because the alleged actions of which the plaintiff complains were discretionary functions undertaken by the defendants in good faith and in their official capacities as member of the Berkley Board of Health.

### Eighth Defense

The defendants state that they were privileged in their conduct and acts and, therefore, the plaintiff cannot recover.

### Ninth Defense

The defendants state that the plaintiff's action is barred by the applicable statute of limitations.

### Tenth Defense

The defendants state that, if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the defendants were not legally responsible.

### Eleventh Defense

The defendants states that the plaintiff failed to make proper presentment, and, therefore, his recovery is barred by virtue of M.G.L. c. 258, §4.

### Twelfth Defense

The defendants state that the plaintiff, by virtue of his actions or conduct and/or the actions or conduct of his agents, servants, employees or representatives, cannot recover from the defendant.

### Thirteenth Defense

The defendants states that the plaintiff's recovery, if any, is limited pursuant to the provisions of M.G.L. c. 258.

### JURY DEMAND

### THE DEFENDANTS DEMAND TRIAL BY JURY

        Respectfully submitted,

        The Defendants,
        By their attorneys,

        **PIERCE, DAVIS & PERRITANO, LLP**

        */s/ Jeffrey M. Sankey*
        Jeffrey M. Sankey, BBO #551062
        Ten Winthrop Square
        Boston, MA 02110
        (671) 350-0950

Dated: May 19, 2005

## CERTIFICATE OF SERVICE

    I hereby certify that this 19th day of May, 2005, a true and accurate copy of the Answer to Complaint by All Defendants and Demand for Jury Trial was served, via first-class, postage prepaid mail, on the following:

John P. Long, Esq.
P.O. Box 4177
722 Eastern Avenue
Fall River, MA 02723

Brian Corey, Jr., Esq.
1041 Main Road
Westport, MA 02790

                                                                                                   Jeffrey M. Sankey