UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DREYFUS

    v.                              CIVIL ACTION NO.
                                  05-10876-WGY

BERKLEY

NOTICE OF SCHEDULING CONFERENCE

YOUNG, C.J.

    This case is called for an initial scheduling conference at 2:00 p.m. on **TUE. JULY 21, 2005** in accordance with Fed. R. Civ. P. 16(b) and LR 16.1.  The Court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of L.R. 16.1[1] to be

---

    1.   These sections of LR 16.1 provide:

        (B) <u>Obligation of counsel to confer</u>.  Unless otherwise ordered by the judge, counsel for the parties shall confer no later than ten (10) days prior to the date for the scheduling conference for the purpose of:

           (1)  preparing an agenda of matters to be discussed at the scheduling conference,

           (2)  preparing a proposed pretrial schedule of the case that includes a plan for discovery, and

           (3)  considering whether they will consent to  trial by magistrate judge.

        (C) <u>Settlement proposals</u>.  Unless otherwise

ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days prior to the date for the scheduling conference.  Defense counsel shall have conferred with their clients on the subject of settlement prior to the settlement conference and be prepared to respond to the proposals at the scheduling conference.

    (D) <u>Joint statement</u>.  Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days prior to the scheduling conference, a joint statement containing a proposed pretrial schedule, which shall include:

    (1) a joint discovery plan scheduling the time and length for all discovery events, that shall

    (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

    (b) consider the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

    (2) a proposed schedule for the filing of motions; and

    (3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

    (a) with a view to establishing a budget for the costs of conducting the full

of the utmost importance.[2]

---

                  course -- and various alternative courses
                  -- of the litigation; and

                  (b) to consider the resolution of the
                  litigation through the use of alternative
                  dispute resolution programs such as those
                  outlined in LR 16.4.

     To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate.  To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference.  The purpose of the parties' proposed pre

trial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

     2.  This session of the court follows the following procedures at the initial scheduling conference:

     A.  The Court requires that the joint statement required by LR 16.1(D) set forth each and every disputed point in such fashion that, by initialling one approach rather than another, the Court can indicate clearly the individualized scheduling order to govern this case. Where the joint statement is silent on a point, the presumptive discovery limits set forth in LR 26.1(c) shall apply.  Unless the parties agree to an earlier date, discovery shall be complete, together with the supplementation to any expert interrogatories, on the date established for the final pre-trial conference/entry onto the running trial list.

     B.  At the initial scheduling conference, the Court will address counsel generally and, following the general

Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of LR 16.1 may result in sanctions under LR 1.3.[3]

---

remarks, will see counsel in each individual case for the sole purpose of advising counsel of the Alternative Dispute Resolution mechanisms available and selecting a date for the Final Pre-trial Conference and entry upon the running trial list. The Court is unlikely to continue this date once established.

    C.   At its earliest opportunity, the Court will approve or modify the joint statement and so endorse it as to make it constitute the individualized scheduling order for the management of this case.

    D.   Since no motions will be addressed at the initial scheduling conference, counsel may move for such further case management conferences as any of them may deem advisable.

    E.   Please review the case list for the accuracy of counsel's names. If you notice that an attorney's name is missing, please undertake to give that attorney notice of the conference. Your cooperation is appreciated.

    3.   Pursuant to Local Rule 16.2, certain categories of cases are exempt from the provisions of this order. In addition, all parties and counsel are notified that cases which involve a pro se litigant are exempt from all provisions of this order save the obligation to appear at this scheduling conference. Counsel may move in timely fashion to be exempt from the provisions of this order should it be unduly burdensome. The court is unlikely to grant such motion <u>unless</u> made by a plaintiff who is a natural person not represented pursuant to the provisions of an insurance contract who files an affidavit, signed by the party, that in all likelihood the aggregate recovery, should the plaintiff prevail, will not exceed $150,000, <u>or</u> by a sole defendant who is a natural person not represented pursuant to the provisions of an insurance contract.

```
                    WILLIAM G. YOUNG
                    UNITED STATES DISTRICT JUDGE

                     By the Court,

                     /s/ Elizabeth Smith
                     Deputy Clerk
```